**FILED**

**June 14, 2017**

**released at 3:00 p.m.**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 16-1148, *State ex rel. American Electric Power, et al. v. Honorable Derek C. Swope*

Justice Ketchum, concurring:

Defendants American Electric Power Company and Ohio Power Company ("power companies") have now sought relief in this Court on two issues, *i.e.*, forum non conveniens and West Virginia public policy. However, the crucial issue in this case is whether a West Virginia court has personal jurisdiction over the power companies for their alleged torts committed in Ohio. Before this case proceeds any further, it should be determined if West Virginia courts have personal jurisdiction over the power companies for their alleged torts committed in Ohio.

The power companies allegedly are not incorporated in West Virginia and do not have their principal place of business in West Virginia. Further, the alleged torts and injuries did not occur in West Virginia. Therefore, under **very recent** United States Supreme Court cases, West Virginia's courts may **not** have personal jurisdiction over the power companies.[1]

The United States Supreme Court has made it clear that the due process clause does not permit a state to haul an out-of-state corporation before its courts when: 1) the corporation is not "at home" in the state; and 2) the episode-in-suit occurred out of

---

[1] *BNSF Ry. Co. v. Tyrrell*, ___ U.S. ___, 2017 WL 2322834 (May 30, 2017); *Daimler AG v. Bauman*, ___ U.S.___, 134 S. Ct. 746 (2014). *See also*, *State ex rel. Ford Motor Co. v. McGraw*, 237 W.Va. 573, 788 S.E.2d 319 (2016). The U.S. Supreme Court also heard argument on another personal jurisdiction case in May 2017 styled *Bristol-Myers Squibb Co. v. California*, Case No. 16-466. An opinion is expected in June 2017.

state.  Specifically, the Supreme Court stated, "[o]ur precedent, however, explains that the Fourteenth Amendment's due process clause does not permit a state to hale an out-of-state corporation before its courts when the corporation is not 'at home' in the state and the episode-in-suit occurred elsewhere."[2]

Therefore, there are two ways a state can obtain personal jurisdiction over an out-of-state corporation.  First, a state may obtain personal jurisdiction over a corporation if it is "at home" in the state.  This is called general jurisdiction.  A corporation is "at home" in a state if it is the corporation's place of incorporation or its principal place of business.  However, in an exceptional case, a corporation's operation in a foreign state may be so substantial as to render the corporation "at home" in the foreign state.[3]

A state may also obtain personal jurisdiction over an out-of-state corporation if the corporation elects to do business in the state, these activities result in a cause of action occurring in the state, and the exercise of personal jurisdiction is fair and reasonable.  This is called specific jurisdiction.[4]

In the instant case, it appears the issue of personal jurisdiction has not been explored.  In my opinion, personal jurisdiction should be determined before this case proceeds any further.  Nevertheless, I agree with the majority opinion on the limited issue raised in this case.

---

[2] *BNSF Railway,* supra (slip op., at 2).
[3] *BNSF Railway,* supra. (slip op., at 10).
[4] *Daimler v. State ex rel. Ford Motor Co.,* supra.